## 70306. CARDIN v. SPENCER.
(334 SE2d 717)

BENHAM, Judge.

Appellant purchased a lot in a Brooks County subdivision known as Shady Acres, with the intent to construct and operate a child care facility thereon. Appellant informed appellee, her attorney, of her plans, and he represented her in the acquisition of the land. Shortly after the conveyance was completed, residents of the subdivision allegedly notified appellant that her property was subject to certain restrictive covenants which would preclude her from operating the proposed nursery. Although no lawsuit was brought against her by the other homeowners, appellant discontinued her renovation of the property and filed suit against her attorney, alleging that he was negligent in failing to disclose the existence of the restrictive covenants and that she had been damaged thereby. Appellee answered and moved for summary judgment. After a hearing, the trial court ruled as a matter of law that the restrictive covenants did not apply to the property and rendered judgment for appellee. Appellant here contends that the court erred in granting summary judgment, there being a genuine issue of fact as to the applicability of the restrictive covenants to her property.

Our review of the record leads us to the ineluctable conclusion that appellant seeks to reverse a ruling in her favor. The trial court's judgment allows appellant to pursue her original intention to operate a child care facility. Assuming without deciding that the trial court erred in its decision, appellant has failed to show how she is harmed thereby. In accordance with the time-honored rule that this court will only correct such errors as have worked a practical wrong on the complaining party, we affirm the judgment. *Best Concrete Prods. v. Medusa Corp.*, 157 Ga. App. 97 (5) (276 SE2d 147) (1981).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Lester M. Castellow*, for appellant.

*O. Wayne Ellerbee*, for appellee.